# H. KERNS v. CITY OF GRANITE FALLS.[1]

## May 7, 1915.

## Nos. 19,276—(91).

**Pauper.**

Action for medical services rendered an indigent person. The verdict in favor of defendant was a finding that plaintiff was not employed by the health officer of defendant city. [Reporter.]

Action in the district court for Yellow Medicine county to recover $56.50 for medical services rendered an indigent person. The case was tried before Qvale, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Bert O. Loe,* for appellant.

*Paul D. Stratton* and *H. P. Bengtson,* for respondent.

PER CURIAM.

Action by plaintiff to recover for medical services and attention given to an

[1] Reported in 152 N. W. 1102.

indigent person, afflicted with a contagious disease and a charge upon the city of Granite Falls. There was a verdict for the defendant and the plaintiff appeals from the order denying his motion for a new trial.

The plaintiff, Dr. Kerns, was called to treat the sick person, a domestic in a hotel, and correctly diagnosed her disease as diphtheria. He communicated with the health officer, Dr. Stratton, and the only question is whether the arrangement was that he was to treat her for the city. It was the duty of the health officer, under the city charter, to see that she had treatment, and, if indigent, at the expense of the city; but if Dr. Kerns treated her as his own patient he of course could not recover of the city. The general verdict of the jury necessarily finds that the plaintiff was not employed by the health officer, and no assignment challenges the sufficiency of the evidence to support it.

A number of objections were made to the reception and rejection of evidence. We have examined them with care. Some testimony was excluded which might well have been received and some was admitted which might well have been excluded. But upon a consideration of all the testimony we are unable to say that there was prejudicial error. The general verdict, finding that there was no contract, disposes of the objection to the instruction that there could be no recovery for fumigating.

Order affirmed.

Brown, C. J., took no part.